UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NABOR MENDOZA,

                    Petitioner,

v.                                    Case No. 3:13-cv-1247-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.
_____

**ORDER**

**I. Status**

Petitioner Nabor Mendoza, an inmate of the Florida penal system, initiated this action on October 11, 2013,[1] by filing a pro se Petition for Writ of Habeas Corpus (Petition; Doc. 1) under 28 U.S.C. § 2254 with exhibits (P. Ex.). In the Petition, Mendoza challenges a 2008 state court (Duval County, Florida) judgment of conviction for lewd or lascivious molestation (four counts). Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Motion to Dismiss Petition for Writ of

_____

    [1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Habeas Corpus as Untimely (Response; Doc. 8) with exhibits (Resp. Ex.). On December 17, 2013, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 6), admonishing Mendoza regarding his obligations and giving Mendoza a time frame in which to submit a reply. Mendoza submitted a brief in reply with exhibits (Reply Ex.) See Petitioner's Response to Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus As Untimely (Reply; Doc. 10). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

2

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Mendoza has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On November 5, 2007, the State of Florida, in Case No. 16-2007-CF-001775, charged Mendoza with four counts of lewd or lascivious molestation. Resp. Ex. C at 24-25, Amended Information. In November 2007, Mendoza proceeded to trial, see Resp. Exs. D; E; F, Transcripts of the Jury Trial (Tr.), at the conclusion of which, on November 8, 2007, a jury found him guilty of four counts of lewd or lascivious molestation, as charged. Id. at 229-31; Resp. Ex. C at 49-52, Verdicts. On January 9, 2008, the court sentenced Mendoza to a term of imprisonment of thirty-five years on each count, with the terms for counts two, three, and four to run concurrently with the term imposed for count one. Resp. Ex. C at 59-65, Judgment. On February 25, 2009, the appellate court

3

affirmed Mendoza's conviction per curiam, <u>see</u> <u>Mendoza v. State</u>, 5 So.3d 673 (Fla. 1st DCA 2009); Resp. Ex. I, and the mandate issued on March 24, 2009, <u>see</u> Resp. Ex. J. Mendoza did not seek review in the United States Supreme Court.

Mendoza's conviction became final on May 26, 2009, (90 days from February 25, 2009). <u>See</u> <u>Close v. United States</u>, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for <u>certiorari</u> must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Mendoza's conviction was <u>after</u> April 24, 1996, the effective date of the AEDPA, Mendoza had one year from the date his conviction became final to file the federal petition (May 26, 2010). His Petition, filed on October 11, 2013, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Before his conviction became final, Mendoza filed a pro se petition for writ of habeas corpus in state court on May 22, 2009. Resp. Ex. T. The appellate court construed the petition as one asserting ineffective assistance of appellate counsel, <u>see</u> Resp. Ex. U, and denied the petition on the merits on June 29, 2009, <u>see</u> <u>Mendoza v. State</u>, 12 So.3d 319 (Fla. 1st DCA 2009); Resp. Ex. W. Mendoza had until July 14, 2009 (fifteen days from the June 29th

order) to file a motion for rehearing, but did not file one. See
Fla. R. App. P. 9.330(a). Florida Rule of Appellate Procedure
9.340(a) provides that "the clerk shall issue such mandate or
process as may be directed by the court after expiration of 15 days
from the date of an order or decision." Fla. R. App. P. 9.340(a).

The one-year limitations period began to run on July 15, 2009,
and ran for thirty-five (35) days until August 19, 2009, when
Mendoza filed a pro se motion for post-conviction relief (Rule
3.850 motion). Resp. Ex. L at 1-11. The circuit court denied the
Rule 3.850 motion on November 17, 2009. Id. at 12-13. On May 6,
2010, the appellate court reversed the denial and remanded the case
for the circuit court to either attach such portions of the record
which conclusively refuted the ineffectiveness claim, or to hold an
evidentiary hearing. See Mendoza v. State, 35 So.3d 71 (Fla. 1st
DCA 2010); Resp. Ex. Q. On remand, the circuit court denied the
Rule 3.850 motion on July 13, 2010. Resp. Ex. X. Mendoza had until
August 12, 2010 (thirty days from the circuit court's July 13th
denial) to file an appeal, but did not do so.

The one-year limitations period began to run again the next
day, August 13, 2010, and expired three hundred and thirty (330)
days later on July 9, 2011. With the one-year limitations period
having expired on July 9, 2011, none of Mendoza's motions filed
after July 9, 2011, could toll the limitations period because there

was no period remaining to be tolled.[2] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Given the record, Mendoza's October 11, 2013 Petition is untimely filed, and due to be dismissed unless Mendoza can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong

---

[2] On April 15, 2013, Mendoza filed a pro se Petition to Invoke Habeas Corpus Jurisdiction in the Florida Supreme Court. Resp. Ex. Z. On July 10, 2013, the Florida Supreme Court dismissed the petition as "unauthorized." Mendoza v. State, 119 So.3d 443 (Fla. 2013); Resp. Ex. AA. The Court cited Baker v. State, 878 So.2d 1236, 1242 (Fla. 2004) (stating "habeas corpus relief is not available to obtain collateral postconviction relief because most claims can be raised by motion pursuant to Florida Rule of Criminal Procedure 3.850.").

Mendoza filed a pro se Second or Successive Motion for Postconviction Relief on February 10, 2014. Resp. Ex. BB. The circuit court denied the motion on March 15, 2016. See https://core.duvalclerk.com, Case No. 16-2007-CF-001775, Docket No. 252. The appellate court affirmed the trial court's denial per curiam on June 23, 2016, see Mendoza v. State, 197 So.3d 46 (Fla. 1st DCA 2016), and denied rehearing on August 5, 2016. See http://www.1dca.org, Mendoza v. State, Case No. 1D16-1444. The mandate issued on August 23, 2016.

test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation marks omitted); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157-58 (11th Cir. 2014), cert. denied, 135 S.Ct. 1905 (2015). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted). The burden is on Mendoza to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

In the Petition, Mendoza asserts alternative arguments in support of his claim for equitable tolling. See Petition at 13. First, he states that he "was pursuing his rights diligently," but the State did not provide him with a copy of the circuit court's July 13, 2010 order denying his Rule 3.850 until October 19, 2012. Id. According to Mendoza, after numerous inquiries, see Reply Exs. B; D-I; K; L, he "finally received" his copy of the court's order on October 24, 2012, see Reply at 11, 15. Respondents argue that the Clerk of Court responded to Mendoza's inquires on March 10,

7

2011, and August 31, 2011. <u>See</u> Response at 6; Resp. Exs. CC; DD. However, Mendoza asserts that he never received the Clerk's responses to his letters because he was transported to the Duval County Jail on August 24, 2010; North Florida Reception Center thereafter; and Mayo Correctional Institution on October 31, 2011. <u>See</u> Reply at 6-7; 2 (stating Mendoza never received responses to his March 8, 2011 letter; April 29, 2011 letter; August 25, 2011 notice of inquiry; November 21, 2011 letter; and February 10, 2012 Motion to Rule). Given the record, the Court finds Mendoza is entitled to equitable tolling for the period from the circuit court's July 13, 2010 ruling through October 24, 2012, when he received his copy of the circuit court's order. <u>See</u> Reply at 7; Reply Ex. M. Giving Mendoza the benefit of equitable tolling from July 13, 2010, through October 24, 2012, three hundred and thirty (330) days remained for him to timely file his Petition, and the limitations period would have expired on September 19, 2013.

Next, Mendoza asserts that he is "a Spanish man with hardly any understanding of the English language [or] the law and ha[s] asked for assistance with [his] case." Petition at 13; P. Ex. Q, Basic Client Reading Skills Assessment. With regard to this issue, the Eleventh Circuit has stated:

> An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling. <u>United States v. Montano</u>, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005). Furthermore, we have not accepted a lack of a legal education and related

8

> confusion or ignorance about the law as excuses for a failure to file in a timely fashion. <u>See</u> <u>Rivers</u>,[3] 416 F.3d at 1323 (stating in the context of a § 2255 proceeding that lack of an education was no excuse for delayed efforts to vacate a state conviction). As with any litigant, pro se litigants "are deemed to know of the one-year statute of limitations." <u>Outler v. United States</u>, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

<u>Perez v. Florida</u>, 519 F. App'x 995, 997 (11th Cir. 2013). Mendoza's lack of English fluency and legal skills is not a basis for equitable tolling. Moreover, assuming that Mendoza needed assistance with his case due to his inability to understand the English language, his filings are evidence that he was able to obtain sufficient assistance to pursue his claims. <u>See</u> Reply at 5-7; Reply Exs. B; D-I; K; L.

Additionally, Mendoza asserts that he is entitled to equitable tolling from October 24, 2012, until February 5, 2013, when he received his case file and trial transcripts from the Dale Carson Law firm.[4] <u>See</u> Reply at 11; Reply Exs. O; P. He states that he submitted "multiple requests" to Mr. Carson asking for the return of his trial transcripts. Reply at 11. Mendoza's exhibits show that he requested the return of his copy of the trial transcripts again

---

[3] <u>Rivers v. United States</u>, 416 F.3d 1319, 1323 (11th Cir. 2005).

[4] <u>See</u> Reply Ex. N, Letter from Dale Carson Law to Nabor Mendoza, dated February 24, 2012 (requesting a copy of his trial transcript and stating "Ms. Polo came to our office and retained Dale Carson Law to do an evaluation of your case to determine the viability of a motion for post conviction relief").

on February 1, 2013, and received them on February 5, 2013. Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, provides that the petition must specify the grounds for relief, "state the facts supporting each ground," and state the relief requested. Mendoza "did not need to include citations to those transcripts in order to properly file his § 2254 motion." See Gillman v. Sec'y, Fla. Dep't of Corr., 576 F. App'x 940, 944 (11th Cir. 2014), cert. denied, 135 S.Ct. 1507 (2015). Thus, the Court finds that Mendoza is not entitled to equitable tolling merely because he was waiting for the law firm to return his copy of the trial transcripts.

Mendoza also asserts that, although he "lost" almost four months waiting for the law firm to return his copy of the trial transcripts, he "made the earliest attempt possible" to go to the prison law library and have an inmate law clerk "get started on his Federal petition . . . ." Reply at 11. Mendoza states that his difficulties obtaining adequate inmate legal assistance entitles him to equitable tolling. He explains that he went to the prison law library and made an appointment with a certified inmate law clerk (Howard Miller) to review and discuss his case. Id. at 8, 11. He complains that Miller "was placed in confinement under investigation" and later transferred to another institution, and therefore Mendoza's case was reassigned to another inmate law clerk who "did not work on the case" because he was reassigned. Id. at 8,

11-12. According to Mendoza, he asked a non-certified "fellow inmate" in his dormitory to help him prepare a petition, but that inmate was transferred before completing Mendoza's petition; another inmate legal assistant "misadvised" him. Id. at 8-9, 12.

This is not a case of alleged misadvice by a lawyer. Inmate law clerks are not lawyers, and therefore any negligence on their part will not justify equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); Leftwich v. Sec'y, Dep't of Corr., No. 3:10cv424-J-37MCR, 2011 WL 4947531, at *3 (M.D. Fla. Oct. 17, 2011) ("Inmate law clerks are not lawyers, and mere negligence on their part will not justify equitable tolling."); Joubert v. McNeil, No. 08-23374-CIV, 2010 WL 451102, at *5 (S.D. Fla. Feb. 8, 2010) (stating "any negligence on the part of an inmate law clerk with regard to the federal deadline certainly would not justify equitable tolling"). Accordingly, the fact that an inmate law clerk assisted Mendoza with preparation of his habeas petition or was not sufficiently available to assist Mendoza does not relieve him from the personal responsibility of complying with the law; he is ultimately responsible. Therefore, the Court finds that Mendoza is neither entitled to equitable tolling for any inadequacy of the prison's inmate law clerk program nor any inmate legal assistant's "misadvice."

Mendoza also asserts that he is entitled to equitable tolling because the habeas corpus petition form "took extra time to be

11

typed" and he had to wait until the prison law library had "copy paper." Reply at 9, 12-13. Any delay caused by the typing of Mendoza's Petition is not an extraordinary circumstance. It was Mendoza's choice to submit a typewritten petition instead of a handwritten one.[5] See Rule 2(c)(4), Rules Governing Section 2254 Cases in the United States District Courts (stating the petition must "be printed, typewritten, or legibly handwritten"). Therefore, Mendoza is not entitled to equitable tolling for the extra time it took for his Petition to be typed. Additionally, his assertion that he is entitled to equitable tolling for the time he waited for the prison law library to obtain copy paper is also unavailing, especially when he could have filed the Petition and submitted service copies at a later date.

In sum, the Court finds that Mendoza is entitled to equitable tolling for the time period from July 13, 2010, through October 24, 2012. Mendoza's other equitable tolling arguments relating to the time after October 24, 2012, are unpersuasive. Therefore, giving Mendoza the benefit of equitable tolling from July 13, 2010, through October 24, 2012, three hundred and thirty (330) days remained for him to timely file his Petition. The limitations

---

[5] Notably, Mendoza filed a handwritten federal Petition on April 18, 2013. See Case Number 3:13-cv-414-J-20JBT, Petition (Doc. 1). The Court dismissed the case without prejudice on May 29, 2013, and notified Mendoza that the dismissal would not excuse him from the one-year period of limitations for raising a habeas corpus petition in the federal courts. See id., Order of Dismissal Without Prejudice (Doc. 4) at 2 n.1.

period would have expired on September 19, 2013, and the Petition was not filed until October 11, 2013.[6] Mendoza has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Mendoza seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Mendoza "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must

---

[6] Mendoza states that the limitations period would have expired on September 18, 2013. See Reply at 14-15.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    Respondents' request to dismiss (Doc. 8) the Petition as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.    If Mendoza appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of November, 2016.


MARCIA MORALES HOWARD
United States District Judge


sc 11/7
c:
Nabor Mendoza, FDOC #J35341
Counsel of Record

15